EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| ANDREA WHEELING,<br>Plaintiff,<br>v.<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>Defendant. | Case No. 26CV49114<br>**COMPLAINT (Breach of Contract, Breach of the Implied Covenant of Good Faith, Negligence)**<br>PRAYER: $496,263.01<br>Fee Authority: $594.00 (ORS 21.160(1)(c))<br>**Not Subject to Mandatory Arbitration**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW, plaintiff Andrea Wheeling and for her claims against defendant Allstate Vehicle and Property Insurance Company, alleges as follows:

**PARTIES**

1. Plaintiff Andrea Wheeling ("Ms. Wheeling" or "Plaintiff") is an individual that, at all times material to this action, owned and resided at the residential dwelling located at 7079 SW 158th Avenue, Aloha, OR 97007-6951 (the "Property").

2. Defendant Allstate Vehicle and Property Insurance Company ("Allstate") is a domestic insurance company that, at all times material to this action, was licensed and authorized to issue insurance policies covering property in Washington County, Oregon, including the insurance policy at issue in this lawsuit.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

## FACTUAL ALLEGATIONS

3. Allstate sold Ms. Wheeling a homeowners property insurance policy, numbered 000864068975, which was effective from February 25, 2025, to February 25, 2026 (the "Policy").

4. The Policy covered the Property, along with any personal property and loss of use of the Property, subject to the terms, conditions, limitations, and exclusions set forth therein.

5. The Policy was issued for valuable consideration in the form of premiums.

6. Ms. Wheeling paid all premiums as they became due.

7. On or about September 2, 2025, while the Policy was in full force and effect, the Property was damaged by an accidental fire (the "Loss"). The Loss rendered the Property uninhabitable.

8. The Policy covers the damage to the Property caused by the Loss, including the damage to the personal property caused by the Loss, and the additional living expenses ("ALE") resulting from the loss of use of the Property caused by the Loss.

9. Ms. Wheeling submitted to Allstate a claim under the Policy for the cost of repairing the damage to the Property, the damage to personal property, and for ALE caused by the Loss. Ms. Wheeling's claim relating to the Loss was formally designated by Allstate as Claim No. 0804486966 (the "Claim").

10. Allstate accepted coverage under the Policy for the Claim.

11. Pursuant to the terms of the Policy, Allstate owes Ms. Wheeling the commercially reasonable and necessary amount needed to restore the Property to its pre-Loss condition, the cost to repair or replace damaged personal property, and any ALE resulting from the Loss. The Policy contains the following coverage amount limitations: Dwelling – $469,081; Other Structures – $46,909; Personal Property – $281,449; and ALE – $117.271 for 24 months after the Loss.

///



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

12. Following the Loss, Ms. Wheeling retained a locally licensed mitigation contractor, Restoration Done, to perform mitigation, remediation, and cleaning services to the Property necessitated by the Loss. Restoration Done invoiced $213,498.35 for its work to the Property, and the invoice and all supporting documentation were provided to Allstate. Restoration Done's invoicing for mitigation and restoration work constitutes the commercially reasonable and necessary cost of repairs for this phase of work necessitated by the Loss.

13. After initial delays and underpayment on the Claim, Ms. Wheeling retained the services of a public adjuster to assist her in presenting her claim to Allstate. The public adjuster prepared an estimate to repair the Property to pre-Loss condition that totaled $356,180.74. With the mitigation work invoiced by Restoration Done, the cost of repairs exceeds available Policy limits.

14. To confirm the scope and cost of repairs, Ms. Wheeling also obtained an estimate from a locally licensed contractor, Precision Restoration and Remodeling ("Precision Restoration"). Precision Restoration prepared an estimate in the amount of $584,922.75 for Loss-related repairs, confirming that the damage from the Loss exceeds available Policy limits.

15. Ms. Wheeling provided all estimates, invoices, and other documentation to Allstate confirming the cost of repairs exceeded available Policy limits.

16. Despite providing multiple estimates, including those from locally licensed contractors, confirming that the damages from the Loss exceed available Policy limits, Allstate has refused to agree to pay or tender Policy limits. Instead, Allstate has relied upon an internal "desk adjustment" and has, without investigation or any basis, claimed that the scopes of work submitted by Ms. Wheeling, by or through her public adjuster or contractors, were the result of over-demolition. Allstate has not provided any basis for its position.

17. To date, Allstate has determined that the total cost of mitigation and build-back repairs caused by the Loss to repair the damage to the Property has a replacement cost value ("RCV") of $307,197.98, and Allstate has paid Ms. Wheeling a depreciated actual cash value



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

("ACV") of $239,336.99.

18. Based on the invoices and estimates provided to date, Allstate has underpaid Ms. Wheeling by at least $276,653.01. Allstate's underpayment of the Claim constitutes a breach of the Policy.

19. Allstate's delays, underpayment, and refusal to adjust the claim and work with Ms. Wheeling and her representatives and contractors have caused significant delays in the construction timeline.

20. Ms. Wheeling provided Allstate with an inventory of her total Loss, non-salvageable personal property that was damaged in the Loss that totals $137,884.26.

21. Allstate, without any additional investigation, wrote down, wrote off, omitted, or changed the characteristics of a significant amount of the personal property submitted by Ms. Wheeling. Allstate has paid only $54,274.26 toward Ms. Wheeling's non-salvageable personal property.

22. Based on the personal property inventory submitted to date, Allstate has underpaid Ms. Wheeling by at least $83,610.00 toward the cost to repair, replace, or clean her personal property as caused by the Loss. Allstate's underpayment of the Claim constitutes a breach of the Policy.

23. In addition, Ms. Wheeling retained a contents specialist, Reliable Contents, to pack out, clean, and store Ms. Wheeling's salvageable contents. Allstate has directly negotiated and paid the Reliable Contents invoices to date, including ongoing storage. To the extent that additional invoices are charged by Reliable Contents and subsequently denied by Allstate, Ms. Wheeling reserves the rights to amend the Complaint to include those charges.

24. The Property remains uninhabitable as a result of the Loss. Due to Allstate's delays and underpayment of the Loss, she is unable to complete repairs.

25. Ms. Wheeling is entitled under the terms of the Policy to any ALE incurred because of the Loss, including through the reasonable period of repairing the Property. As of the filing



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

of this Complaint, Allstate has agreed to pay Ms. Wheeling for temporary housing under the ALE provisions of the Policy to her satisfaction, and the ALE due under the Policy is not currently in dispute. To the extent that Allstate later denies or fails to pay all ALE benefits owed, Ms. Wheeling reserves the right to amend the Complaint to assert recovery of all ALE benefits owed under the Allstate Policy.

26. Ms. Wheeling has performed all conditions precedent under the Policy or is otherwise excused from performance as a result of Allstate's breach of the Policy.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Count 1: Express Breach of Contract)

27. Ms. Wheeling incorporates the preceding paragraphs as if fully stated herein.

28. The Policy constitutes a valid, enforceable contract between Ms. Wheeling and Allstate.

29. Allstate breached the Policy by failing to fully pay the Claim pursuant to the terms of the Policy.

30. As a direct and proximate result of Allstate's breach of the Policy, Ms. Wheeling has sustained damages in an amount to be proven at the time of trial, but which are anticipated to be at least $276,653.01 on the dwelling and separate structures, and $83,610.00 for personal property benefits.

31. Ms. Wheeling is entitled to recover her attorney fees and costs from Allstate pursuant to ORS 742.061.

32. Ms. Wheeling is entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of her damages was readily ascertainable as of the date of the Loss.

### (Count 2: Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. Ms. Wheeling incorporates the preceding paragraphs as if fully stated herein.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

34. The implied terms of the Policy include Allstate's promise to act in good faith and to deal fairly with Ms. Wheeling in all matters related to the Policy, including the investigation, adjustment, coverage decision, and payment of the Claim.

35. Allstate breached the Policy's implied covenant of good faith and fair dealing during its evaluation, investigation, and adjustment of the Claim in at least the following ways:

a. Refusing to pay the full amount owed on the Claim without stating a reasonable basis for its refusal to pay;

b. Failing to acknowledge and act promptly upon communications relating to claims in violation of ORS 746.230(1)(b);

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims in violation of ORS 746.230(1)(c);

d. Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

e. Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted in violation of ORS 746.230(1)(e);

f. Not attempting, in good faith, to settle the Claim when liability was reasonably clear, in violation of ORS 746.230(1)(f); and

g. Compelling Ms. Wheeling to retain a public adjuster and then counsel to file a lawsuit to receive benefits owed under the Policy by refusing to pay the full amount owed on the Claim in violation of ORS 746.230(1)(g).

36. Allstate's refusal to act in good faith constitutes a breach of the Policy.

37. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, Ms. Wheeling has suffered the economic loss of the contractual benefit of the contract in an amount to be proven at the time of trial, but in no event less than $276,653.01 on the dwelling and separate structures, and $83,610.00 for personal property benefits.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

38. Ms. Wheeling is entitled to recover her attorney fees and costs from Allstate pursuant to ORS 742.061.

39. Ms. Wheeling is entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of her damages was readily ascertainable as of the date of the Loss.

**SECOND CLAIM FOR RELIEF**

**(Negligence / Tortious Insurance Bad Faith)**

40. Ms. Wheeling incorporates the preceding paragraphs as if fully stated herein.

41. Allstate is subject to a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As Allstate's insured, Ms. Wheeling was protected under law from specific practices, acts, or omissions by Allstate that are harmful and injurious to policyholders. The legal protection from improper practices, acts, or omissions by Allstate serves to, among other things, ensure that insurance companies promptly, thoroughly, and fairly investigate insurance claims, promptly and completely pay policyholders for all covered damages, and honestly represent to policyholders the coverage afforded by the insurance policy and the facts of the claim. In the context of property damage claims like this, the protection afforded to Ms. Wheeling provided her with the assurance she would be able to promptly repair or replace her covered Property and return it to its pre-Loss condition. These guarantees serve as a safeguard for policyholders from the stress and emotional injuries associated with the insurance company mishandling an insurance claim.

42. As Allstate's policyholder, Ms. Wheeling was a member of the class of individuals protected from Allstate's negligent, improper, and injurious claim handling. As a result of Allstate's mishandling of her Claim, Ms. Wheeling sustained reasonably foreseeable injuries.

43. Allstate negligently performed its obligations in its review, investigation, adjustment, and decision to not fully pay the Claim in one or more of the particulars outlined in paragraph 35, including all sub-paragraphs.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

44. Allstate knew, or in the exercise of reasonable care as an insurance business, should have known, that one or more of the foregoing acts or omissions would create an unreasonable risk of harm to Ms. Wheeling as its policyholder. As a business engaged in the marketing and selling of insurance to provide coverage for homeowners who suffer covered property loss, Allstate knew or had reason to know that when it issues a homeowners insurance policy to policyholders that a foreseeable and probable consequence of its failure to provide insurance benefits in accordance with the Policy would be to cause the policyholder to suffer the adverse effects of having to unnecessarily and unreasonably be required to spend time, effort, and additional monetary resources, which results directly in stress, emotional harm, and financial hardship to the policyholders. Allstate also knew or had reason to know that when it issued the Policy that a primary reason policyholder's purchase such insurance is to relieve the stress, emotional distress, and financial hardship caused by significant property losses, such as those caused by a covered property loss.

45. As a direct and proximate result of Allstate's negligent performance of its common law and statutory obligations owed to Ms. Wheeling when administering the Policy, as detailed above in this Complaint, Ms. Wheeling, who is disabled, has suffered the non-economic loss of increased or exacerbated stress, emotional distress, anxiety, loss of enjoyment of life, and resulting physical symptoms and harm. Ms. Wheeling is entitled to recover non-economic damages in an amount to be proven at the time of trial, but not less than $100,000.00.

46. Ms. Wheeling was also directly and proximately harmed by Allstate's negligent performance of its common law and statutory obligations owed to Ms. Wheeling by forcing her to retain the services of a public adjuster in order to present the Claim to Allstate. Ms. Wheeling is entitled to damages for Allstate's negligence in an amount to be proven at the time of trial, but which is currently estimated to be $36,000.00.

///

///



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Andrea Wheeling prays for judgment as follows:

1. That judgment be entered in favor of Ms. Wheeling, and against Allstate, on each of the claims stated herein.

2. On the First Claim for Relief, including each separate count, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $360,263.01.

3. On the Second Claim for Relief, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $136,000.00.

4. That she recovers pre- and post-judgment interest at the maximum legal rate.

5. That she recovers attorney fees and costs pursuant to ORS 742.061.

6. That she be awarded such other relief as is just and proper.

DATED this 15th Day of September 2026.

FOREMAN STURM & THEDE LLP

By: */s/ Nicholas A. Thede*
**Nicholas A. Thede, OSB No. 075460**
nick.thede@foremansturm.com

By: */s/ Scott A. MacLaren*
**Scott A. MacLaren, OSB No. 123799**
scott@foremansturm.com

*Attorneys for Plaintiff*



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

EXHIBIT B

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| ANDREA WHEELING,<br>Plaintiff,<br>v.<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>Defendant. | Case No. 26CV49114<br>**SUMMONS** |

TO: Allstate Vehicle and Property Insurance Company
c/o CT Corporation System, Registered Agent
780 Commercial St. SE, Ste. 100
Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Nicholas A. Thede, OSB No. 075460
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO. (IF ANY)

3519 NE 15th Avenue, #489
ADDRESS

Portland, Oregon 97212; (503) 206-5824
CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

# EXHIBIT C

9/23/2026 2:09 PM
26CV49114

# RETURN OF SERVICE

**State of Oregon** **County of Washington** **Circuit Court**

Case Number: 26CV49114

Plaintiff(s):
**ANDREA WHEELING**

vs.

Defendant(s):
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

Received by Cumulus Legal Services, Inc. to be served on **Allstate Vehicle and Property Insurance Company**.

I, Terry Saltalamachia, do hereby affirm that on the **17th day of September, 2026** at **2:10 pm, I:**

served a true and correct copy of the **Summons, Complaint, and Plaintiff's First Request for Production to Defendant ("Service Documents")** to Allstate Vehicle and Property Insurance Company, by delivering said documents to **Eden Cloverglade**, Clerk on Duty, at the office of **CT Corporation, Registered Agent for Allstate Vehicle and Property Insurance Company**, at 780 Commercial St. SE, Ste. 100, Salem, OR 97301.

I certify that I am a competent person, 18 years of age or older, and a resident of the state of service, and that I am not a party to, nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm, or corporation named in the above-captioned action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

**Terry Saltalamachia**
Process Server

9-22-2026
**Date**

**Cumulus Legal Services, Inc.**
**P.O. Box 16913**
**Portland, OR 97292**
**(503) 567-9996**

Our Job Serial Number: CMU-2026001273

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| ANDREA WHEELING,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 26CV49114<br><br>**SUMMONS** |

TO: Allstate Vehicle and Property Insurance Company,
c/o CT Corporation System, Registered Agent
780 Commercial St. SE, Ste. 100
Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Nicholas A. Thede, OSB No. 075460

ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO. (IF ANY)

3519 NE 15th Avenue, #489

ADDRESS

Portland, Oregon 97212; (503) 206-5824

CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

EXHIBIT D

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/17/2026
CT Log Number 553402801

## Service of Process Transmittal Summary

**TO:** Shelley Wisniewski
Allstate Insurance Company
3300 OLYMPUS BLVD STE 400 MS 21
COPPELL, TX 75019-1108

**RE:** **Process Served in Oregon**

**FOR:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANDREA WHEELING vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, First Request, Complaint |
| **COURT/AGENCY:** | Washington County Circuit Court of Oregon, OR<br>Case # 26CV49114 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Salem, OR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/17/2026 at 14:39 |
| **JURISDICTION SERVED:** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service of this summons upon you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Nicholas A. Thede<br>Foreman Sturm & Thede LLP<br>3519 NE 15th Avenue #489<br>Portland, OR 97212<br>503-477-4693 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/18/2026, Expected Purge Date: 09/23/2026<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>780 Commercial Street? SE<br>Ste 100<br>Salem, OR 97301<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/17/2026
CT Log Number 553402801

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT E

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| ANDREA WHEELING,<br>Plaintiff,<br>v.<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>Defendant. | Case No. 26CV49114<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT** |

**TO:** **Defendant Allstate Vehicle and Property Insurance Company**

**FROM:** **Plaintiff Andrea Wheeling, and her attorneys, Nicholas A. Thede and Scott A. MacLaren of Foreman Sturm & Thede, LLP**

Pursuant to Oregon Rules of Civil Procedure 36 and 43, Plaintiff Andrea Wheeling ("Plaintiff") submits the following Plaintiff's First Set of Requests for Production of Documents to Defendant to be answered within forty-five (45) days of the date of service on Defendant Allstate Vehicle and Property Insurance Company ("Defendant," "Allstate," or "you"). Please serve the original responses to Plaintiff's First Set of Requests for Production of Documents to Defendant to the offices of Foreman Sturm & Thede, LLP, 3519 NE 15th Avenue #489, Portland, Oregon 97212.

///

///

///



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

**INSTRUCTIONS**

1. These requests for production are to be treated as continuing. If information is not available within the time period prescribed in the Oregon Rules of Civil Procedure, you must answer each request for production as fully as possible within the time period and supplement with additional information promptly when it becomes available.

2. If additional information or responsive documents are discovered between the time you respond and trial, these requests for production are directed to any such information or documents. If such information or document is not provided, Plaintiff will move at the time of trial to exclude from evidence any documents or information not provided.

3. The information and documents sought in these requests for production are intended to include any and all documents, information, and witnesses known to the Defendant, its agents, employees, investigators, attorneys, or other representatives.

4. A request for production includes all originals and copies of documents within your care, custody, or control or that of your agents, employees, investigators, attorneys, or other representatives.

5. If you invoke or rely upon privilege of any kind in responding to these requests for production, state specifically the nature of the privilege, the basis upon which you invoke, rely, or claim it, including statutory or legal reference, and identify all information or documents that you believe to be embraced by the privilege.

6. If you refuse to produce any document or provide any information called on by these requests for production on the ground of privilege, state the following in each such instance: (a) the ground on which the claim of privilege is based; (b) the type of document; (c) the date of the document; (d) the general subject matter of the document; (e) the name, address, and position of the author of the document and of any person that assisted in preparation of the document; and (f) the name, address, and position of each addressee or recipient of the document or copies of it.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

7. If you incorporate facts by reference or refer to documents or communications in response to any request for production, specify by Bates number the particular document(s) or communication(s) containing that information.

8. The singular form of a word shall also refer to the plural, and the plural shall refer to the singular. Any term used in the masculine, feminine, or neutral gender refers to all genders.

9. To the extent you contend that any responsive documents are confidential or proprietary or subject to a protective order in another lawsuit, Plaintiff will stipulate to the entry of a mutually agreeable protective order and/or confidentiality agreement.

**DEFINITIONS**

1. "Defendant," "Allstate," "you," or "your" shall refer to Defendant Allstate Vehicle and Property Insurance Company, including its agents, attorneys, representatives, employees, and/or other persons acting on its behalf.

2. "Plaintiff" or "Ms. Wheeling" shall refer to Plaintiff Andrea Wheeling and her agents, attorneys, representatives, employees, and/or other persons acting on her behalf.

3. "Person" or "persons" means natural persons and associations of natural persons, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, trusts, estates, governments (including agencies), quasi-public entities, and all other forms of specifically identifiable legal entities, including law firms and other legal entities practicing law.

4. "Document" means any recorded material in any form, including originals and copies (whether identical or not), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls or other communications, bulletins, magazines, publications,



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

printed matter, photographs, computer printouts, teletypes, facsimile, invoices, work sheets and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kinds, and electronic, mechanical, or electric records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control. The term "document" shall be given its broadest interpretation permissible under the Oregon Rules of Civil Procedure.

5. The term "thing" refers to any tangible object, other than a document, and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

6. "Communication" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, by electronic mail, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts, (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, logbooks, minutes, notes, studies, surveys, and forecasts, and all copies thereof.

7. "Identify" or "identity," when used in reference to an individual person means to state his full name and present or last known address and telephone number, his present or last known position and business affiliation, and his position and affiliation at the time in question. "Identify" or "identity," when used in reference to a document, means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identification, and its present location or custodian. If any such document was in your possession but is no longer in your possession or subject to your control, explain the disposition of the document. "Identify" or "identity," when used in reference to an object or tangible thing,



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

means to describe the tangible thing or object, to state its current location, to state whether it or any of its component parts have undergone any changes since the date of the incident, and if so, to describe such changes, to identify the present custodian of the object or tangible thing and/or its component parts, and to identify each person or other entity who has possession of the tangible thing or object since the date of the incident. Your description should be specific enough to enable production of the tangible object or thing through discovery request or subpoena.

8. "Refer," "referred to," or "referring to," or "relate," "related to," or "relating to," mean relating, discussing, or pertaining in any way, directly or indirectly, to a document or class of documents, event, act, occurrence, and includes without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, forming the basis of, containing, and supporting the event, act, or occurrence.

9. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request for production or interrogatory. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request for production or interrogatory.

10. "Lawsuit" shall refer to the above-captioned legal matter.

11. "Property" shall refer to the dwelling, separate structures, and personal property located at 7079 SW 158th Ave. Aloha, Washington County, Oregon.

12. "Loss" shall refer to the fire damage to the Property that occurred on or about September 2, 2025.

13. "Policy" shall refer to Allstate insurance policy number 000864068975.

14. "Claim" shall refer to Plaintiff's claim for insurance benefits under the Policy for



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

the Loss and that was designated by Allstate as Claim Number 0804486966.

15. The term "Claims File" means the file materials, however classified, and maintained, whether electronically by a proprietary computer software or kept physically, as the State of Oregon requires to be kept in accordance with OAR 836-080-0215.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce Allstate's complete Claims File relating to the Claim, including, without limitation, any claim logs, file notes, claim notes, claim diary, work file, field file, adjuster file, committee notes, correspondence, memoranda, appraisals, investigative materials, working papers, and documents otherwise relating to the Claim or the Loss, whether stored physically or electronically. This Request includes, without limitation, those documents that were maintained outside Allstate's formal company Claim File, regardless of whether those documents ultimately became part of the formal company file, and all documents required to be kept pursuant to OAR 836-080-0215.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce a certified copy of the Policy for the Policy effective at the time of the Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents or communications containing any recorded statements of Plaintiff or any third party referring to or relating to the Property, the Loss, or the Claim, including, without limitation, transcripts, audio recordings, or video recordings of any such statement. This request includes copies of any transcripts and native documents.

**REQUEST:**

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all payments Allstate issued on the Claim, including any communications accompanying all payments.

**RESPONSE:**



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents referring to or relating to the valuation of the Loss to Plaintiff's Property, including, without limitation, any estimates prepared by or for Allstate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all communications between Allstate and Plaintiff referring to or relating to the Policy, the Property, or the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents referring to or relating to the scope of damage to the Property caused by the Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents referring to or relating to the cause of any damage to the Property caused by the Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents supporting or relating to any affirmative defense(s) asserted by Allstate in response to the claims asserted by Plaintiff in the Complaint filed in the Lawsuit.

**RESPONSE:**

DATED this 15th Day of September 2026.

FOREMAN STURM & THEDE LLP

By: */s/ Nicholas A. Thede*
**Nicholas A. Thede, OSB No. 075460**
nick.thede@foremansturm.com

By: */s/ Scott A. MacLaren*
**Scott A. MacLaren, OSB No. 123799**
scott@foremansturm.com

*Attorneys for Plaintiff*



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

# EXHIBIT F

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF WASHINGTON**

| | |
|---|---|
| ANDREA WHEELING,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | No. 26CV49114<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §§1332, 1441 AND 1446** |

TO: The Clerk of the Court;
AND TO: Andrea Wheeling, Plaintiff;
AND TO: Foreman Sturm & Thede LLP, Plaintiff's Attorneys.

**NOTICE IS HEREBY GIVEN** that on this day, Defendant, Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"), in the above-entitled action filed in the United States District Court for the District of Oregon, a Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446. A copy of said Notice of Removal is attached hereto as **Exhibit 1**, and has been provided to the Plaintiff.

You are also advised that the Defendant, by filing a copy of the Notice of Removal with



**WATHEN | LEID | HALL | & RIDER P.C.**
222 Etruria Street
Seattle Washington 98109
Phone: 206-622-0494 Fax: 206-587-2476

the Clerk of the Washington County Circuit Court of the State of Oregon, has affected removal in accordance with 28 U.S.C. §1446. This Court is to proceed no further with this action unless the action is remanded to this Court.

The basis for removal is complete diversity of citizenship among the parties, and the amount in controversy exceeds the jurisdictional requirement of $75,000.00, pursuant to 28 U.S.C. §§1332 and 1441.

DATED this 6th day of October, 2026.

**WATHEN | LEID | HALL | & RIDER, P.C.**

*s/ Ryan J. Hall*
Ryan J. Hall, OSB #030549
*Attorney for Defendant Allstate*
222 Etruria Street, Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rhall@wlhr.legal

## CERTIFICATE OF SERVICE

On the date given below, I caused the foregoing to be filed using Oregon State's E-filing system and I caused to be served a true and correct *copy* on the following individual(s) in the manner indicated:

| | |
|---|---|
| **Counsel for Plaintiff:**<br>Nick Thede<br>Scott A. MacLaren<br>Foreman Sturm & Thede LLP<br>3519 NE 15th Avenue, #489<br>Portland, OR 97212<br>nick.thede@foremansturm.com<br>scott@foremansturm.com | **[X] E-Mail/E-Service**<br>[ ] Legal Messenger<br>[ ] Facsimile |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 6th day of October 2026, at Yukon, Oklahoma.

*/s Danin Tyan*
Danin Tyan, Legal Assistant
dtyan@wlhr.legal



**WATHEN | LEID | HALL | & RIDER P.C.**
222 Etruria Street
Seattle Washington 98109
Phone: 206-622-0494 Fax: 206-587-2476